■ In the Matter of the Arbitration between HARVEY S. KORNIT, Respondent and PLAINVIEW-OLD BETHPAGE CENTRAL SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Nassau County, dated July 21, 1978, which (1) vacated the arbitration award, and (2) denied the appellant's motion to confirm said award, without a hearing. This appeal also brings up for review so much of an order of the same court, dated September 27, 1978, as, upon granting the appellant's motion for

reargument, adhered to its original determination. Appeal from the judgment dated July 21, 1978, dismissed, without costs or disbursements. The judgment was superseded by the order dated September 27, 1978. Order dated September 27, 1978 reversed insofar as reviewed, on the law, without costs or disbursements, and upon reargument, petitioner's motion to vacate the arbitration award is denied and the appellant's cross motion to confirm the award is granted. Appellant's attorney is not designated a "school officer" (see Education Law, § 2, subd 13). Accordingly, service of the notice of petition herein upon him was ineffective (see CPLR 311, subd 7). In addition, the proceeding was commenced more than 90 days after the award in question was delivered to the petitioner. Accordingly, the proceeding is untimely (see CPLR 7511, subd [a]). In any case, were these technical defects obviated, we would nevertheless confirm the arbitrator's award. We do not agree with Special Term's assessment of the petition that petitioner has established that there is an "appearance of bias" by the arbitrator against petitioner and in favor of appellant as a result of his appointment by appellant as a hearing officer a short time after the arbitration award herein involved was handed down. Suozzi, J. P., Lazer, Cohalan and Martuscello, JJ., concur.